THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| STANDARD PLUMBING SUPPLY COMPANY, INC., | ( |
| Plaintiff, | ( **MEMORANDUM DECISION** |
| v. | ( |
| | ( Case No. 2:14-CV-00238 DS |
| GARTH O. GREEN ENTERPRISES, INC., et al., | ( District Judge David Sam |
| Defendant. | ( |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>MOTIONS BEFORE THE COURT</u>

Defendant Garth O. Green Enterprises ("Green Enterprises") moves to dismiss Standard Plumbing Supply Company, Inc.'s ("Standard Plumbing") claim for declaratory judgment. For the reasons stated hereafter, the motion to dismiss[1] is granted and all other pending motions[2] are denied pursuant to the dismissal of the only claim in this suit.

---

[1] *See* Docket #20.
[2] *See* Docket #18, #21, #24.

1

BACKGROUND

This case is factually related to a Utah state court case filed in early 2013 that was removed to federal court in April of 2014. That case stemmed from a purchase agreement allegedly formed on January 2, 2013 between Green Enterprises and Harward Irrigation Systems, Inc. ("Harward"), in which Harward agreed to sell certain business assets, including several Sprinkler World stores and the Sprinkler World trademark, to Green Enterprises. Sometime shortly after this alleged agreement was made, Harward sold the assets to Standard Plumbing instead. In response, Green Enterprises filed the state court suit on February 1, 2013 seeking enforcement of the January agreement.

During discovery in the state suit, Green Enterprises moved to amend its complaint in order to add Standard Plumbing as a defendant. Among the claims that Green Enterprises sought to bring against Standard Plumbing was a claim that Standard plumbing had violated Utah's Unfair Competition Act. This act creates a private cause of action for activity that is unlawful, unfair, or fraudulent, that leads to the diminution of intellectual property, and is an infringement of a trademark. At the time of this opinion, a decision on the motion to amend has not yet been issued.

Standard Plumbing initiated this suit in federal court seeking a declaratory judgment against Green Enterprises finding that Standard Plumbing has not infringed on the Sprinkler World trademark. Declaratory judgment suits are preemptive in nature in that they allow would-be defendants to initiate suits against would-be plaintiffs in order to resolve issues for which the would-be defendants may be liable. These suits are beneficial for would-be defendants because they eliminate the uncertainty of waiting for a plaintiff to bring a suit, and they promote the

resolution of disputes before damages escalate. However, as demonstrated by this case, declaratory judgment suits often create unique legal issues.

In this case, Standard Plumbing bases its declaratory judgment suit on a theory that Green Enterprises might have a trademark infringement claim against Standard Plumbing. Standard Plumbing bases this theory on the fact that Green Enterprises' unfair competition claim in the related litigation is phrased in terms of trademark infringement. However, Green Enterprises makes clear in its brief that it only phrased its unfair competition claim in terms of trademark infringement in order to mirror the language of Utah's unfair competition statute. Green Enterprises further states that it could not possibly have a trademark infringement claim here because no party is using a colorable imitation of someone else's mark; rather, there is one mark involved in the suit and two different parties claiming some right to that mark. Standard Plumbing claims that it owns the mark because it purchased the mark from Harward, and Green Enterprises claims that it had an enforceable right to purchase the mark from Harward. The related litigation was initiated to resolve this dispute and to determine if, and to what extent, Green Enterprises is entitled to damages for the claimed breach. The parties agree that Green Enterprises never actually purchased the trademark in question before Harward backed out of any agreement it might have made.

## ANALYSIS

Standard Plumbing's claim is dismissed for two reasons: lack of subject matter jurisdiction and lack of justiciability.

First, "[d]ismissal of a complaint for lack of subject matter jurisdiction [in a declaratory judgment suit] would only be justified if that claim were so attenuated and unsubstantial as to be absolutely devoid of merit or frivolous." *Id.* In this case, Standard Plumbing's claim that Green

3

Enterprises may have a trademark infringement claim against it has no basis in law or fact. Ownership of a protectable mark is an undisputed element of a trademark infringement claim. *Applied Info. Sciences Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). The parties agree that Green Enterprises never actually purchased the trademark in question from Harward. Without a valid claim of ownership of the mark in question, Green Enterprises could not have a trademark infringement claim against Standard Plumbing. Any such claim attempted by Green Enterprises would be "absolutely devoid of merit [and] frivolous." Accordingly, dismissal of the declaratory judgment claim for lack of subject matter jurisdiction is justified because Standard Plumbing cannot base its declaratory judgment suit on the fact that Green Enterprises could make a frivolous trademark claim.

Second, the longstanding principle of justiciability prohibits courts from issuing advisory opinions, and this principle would be violated if this Court were to entertain a declaratory judgment suit that is hypothetical and does not involve an actual controversy. The Supreme Court stated the following about justiciability in declaratory judgment suits, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). If the facts don't show a "substantial controversy, between parties having adverse legal interests," then any opinion offered by this Court is advisory and violates the principle of justiciability. The facts alleged in this case are that Standard Plumbing purchased property, including the mark in question, from Harward, in spite of the fact that Harward had allegedly agreed to sell the property to Green Enterprises. Those facts do not show that there is a "substantial controversy" as to whether Standard Plumbing somehow infringed the mark that it

4

purchased from Harward. Standard Plumbing owned the mark in question, and Green Enterprises didn't. Standard Plumbing can't infringe a mark that it owns. Whether Standard Plumbing's initial purchase of the mark violated an enforceable agreement between Harward and Green Enterprises does not create a claim of trademark infringement against Standard Plumbing. Because of the lack of an actual controversy, Standard Plumbing's claim is not justiciable.

## CONCLUSION

As the facts stand in this case, Green Enterprises could not possibly have a trademark infringement claim against Standard Plumbing under federal trademark law. In light of the analysis above, Green Enterprises' motion to dismiss[3] is granted and all other pending motions are denied[4].

**SO ORDERED**

DATED this 10th day of July, 2014.

BY THE COURT:

_____
DAVID SAM
Senior Judge
United States District Court

---

[3] *See* Docket #20.
[4] *See* Docket #18, #21, #24.